IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESUS EDUARDO MENA MANCIA,

Petitioner,

v.

EDWARD TYLER, Jail Administrator, Douglas County Jail; DAVID EASTERWOOD, Acting Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; SAMUEL OLSON, Field Office Director, Chicago Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General of the United States; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.

OPINION and ORDER

26-cv-1030-jdp

---

Jesus Eduardo Mena Mancia was detained by agents of the Department of Homeland Security's U.S. Immigration and Customs Enforcement, and he is being held at the Douglas County Jail in Superior, Wisconsin. Mena Mancia is a citizen of Honduras, but he has been living in the United States since 2005 after he entered without inspection. He seeks relief under 28 U.S.C. § 2241, contending that he is entitled to a bond hearing or release under 8 U.S.C. § 1226 and the Due Process Clause.

The federal respondents concede that Mena Mancia is entitled to a hearing under *Cirrus Rojas v. Olson*, in which the court held that "[a]liens present in the country without admission and not 'seeking admission' under Section 1226 . . . are eligible for bond hearings subject to the INA's other requirements." 183 F.4th 909, 915 (7th Cir. 2026). In his reply, Mena Mancia asks the court to order a prompt hearing based on the federal respondents' concession. Dkt. 18.

The court will therefore grant Mena Mancia's petition for a writ of habeas corpus and order federal respondents to provide him with a bond hearing under § 1226(a) within seven days of the date of this order or release him. The resolution of the petition under § 1226(a) makes it unnecessary to decide whether Mena Mancia is entitled to relief under the Due Process Clause.

The court briefly addresses two additional points.

First, petitioner named Douglas County Jail Administrator Edward Tyler as a respondent. Tyler has only just been served and has not had the opportunity to respond. But a hearing provided by federal officials is the only relief that the court is ordering, so it is unnecessary to wait for Tyler to respond. The court will dismiss Tyler from the case.

Second, Mena Mancia has also requested a preliminary injunction granting bond and ordering that he not be transferred outside of the Western District of Wisconsin while his petition is pending. Dkt. 13. This order grants the petition, so the motion for a preliminary injunction will be denied as moot.

ORDER

IT IS ORDERED that:

1. Douglas County Jail Administrator Edward Tyler is DISMISSED from the case.

2. The petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 3, is GRANTED as to the federal respondents.

3. Within seven days, the federal respondents shall either provide Mena Mancia with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) or release him.

4. Petitioner's motion for preliminary injunction, Dkt. 9, is DENIED as moot.

5. The clerk of court is directed to enter judgment for petitioner against the federal respondents and close the case.

Entered November 6, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge